IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

ANDRE FERGUSON,                )
                               )
          Plaintiff,            )
                               )
     v.                        )    No. 13 C 7781
                               )
RONALD LEDVORA, M.D., et al.,  )
                               )
          Defendants.           )

## MEMORANDUM ORDER

This pro se 42 U.S.C. §1983 ("Section 1983") action by Cook County Department of Corrections ("County Jail") inmate Andre Ferguson ("Ferguson") was originally assigned to one of this Court's colleagues. Regrettably, when the action was then transferred to this Court's calendar by the Executive Committee, it failed to receive the prompt attention that this Court normally provides to such prisoner lawsuits. This memorandum order is issued to get the action back on track.

To begin with, Ferguson has accompanied his Complaint (prepared by employing the Clerk's-Office-supplied printed form with hand-printed inserts) with two other Clerk's Office forms: an In Forma Pauperis Application ("Application") and a Motion For Attorney Representation ("Motion"). Those subjects will be addressed first.

As for the Application, its attached printout of transactions in Ferguson's account at the County Jail reflects a balance of just $.01 throughout, and average monthly deposits of

$.78 during, his stay there, which has occupied only a portion of the six-month period made relevant by 28 U.S.C. § 1915. That being true, the Application is granted in the special sense applicable to prisoner plaintiffs: Instead of this Court's excusing Ferguson's payment of the $350 filing fee or requiring payment of that entire fee upfront, Ferguson is ordered to make an initial payment of $.16 (20% of $.78) on account of the filing fee and to pay future installments as provided hereafter until the full $350 fee is paid.

Ferguson is therefore assessed an initial partial payment of $.16 and the County Jail's trust fund officer is ordered to collect that amount from Ferguson's trust fund account as soon as it is available and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago, IL 60604

>Attention:    Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Ferguson's name and the 13 C 7781 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail's trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or at any other correctional facility where Ferguson

may hereafter be confined) is authorized to collect monthly payments from Ferguson's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to the motion, Ferguson has provided a simple and puzzling "yes" answer to its most important provision, which reads:

> 2. I declare that I have contacted the following attorneys/organizations seeking representation.

That won't do the job, for our Court of Appeals requires a showing of a prisoner's good-faith efforts to seek counsel willing to take such cases on a pro bono basis (but with the possibility that a successful result can carry with it an award of fees under 42 U.S.C § 1988). Accordingly the Motion is denied without prejudice to its reassertion in a properly supported form.

To turn to the substance of Ferguson's claims, they appear to have "plausibility" in a <u>Twombly-iqbal</u> sense, so he will be permitted to proceed. Because he has been unsuccessful in obtaining legal representation via his Motion, the United States Marshals Service bears responsibility for service of process on defendants Dr. Ronald Ledvora and Division 9 Superintendent Thomas (as for the other named defendants, the "Dietary

Department" is not a suable entity and Ferguson's Complaint fails to advance a predicate for holding Sheriff Tom Dart personally responsible under Section 1983). With respect to the required action by the Marshals Service, its representatives are directed to follow the procedures for service of process that have been worked out by the committee headed by Magistrate Judge Sheila Finnegan.

_____
Milton I. Shadur
Senior United States District Judge

Dated:  December 30, 2013