# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANDRE FERGUSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 7781 |
| | ) |
| **RONALD LEDVORA, M.D.**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This action is really snake-bitten. This Court's original memorandum order of December 30, 2013, which was issued after an original glitch had occurred following the transfer of the case from one of this Court's ex-colleagues to its calendar, granted in forma pauperis status to pro se plaintiff Andre Ferguson ("Ferguson") but found that his accompanying Motion for Attorney Representation ("Motion") was flawed. Hence the Order had to deny the Motion without prejudice to its reassertion in a properly supported form. It then concluded by directing the Marshals Service to serve process on the named defendants by following the procedures that had then been worked out by a committee headed by Magistrate Judge Sheila Finnegan.

Unfortunately the situation was worsened by the total failure of this Court's then courtroom deputy to comply with an express written direction (written just a few days before the December 30 memorandum order) to prepare what this Court refers to irreverently as a "bible sheet" for the case. That, coupled with the courtroom deputy's failure to conduct the normal follow-up on the directive to the Marshals Service referred to in the preceding paragraph,[1] made

---

[1] This Court's own independent follow-up practice critically depends on the existence of a "bible sheet" for a case, the absence of which in this instance thus eliminated a potential backup to undo the effect of the courtroom deputy's oversight.

it particularly fortunate that this action has become part of the random computer-driven list of cases to be reassigned to this Court's incoming colleague Honorable Manish Shah and has thus been brought to this Court's attention.

This Court hastens to comply with the protocol newly adopted by the Marshals Service to facilitate its service of process on defendants in cases brought in forma pauperis. To that end, the Clerk of Court is directed to issue summonses for service of the Complaint on defendants, and the United States Marshals Service ("Service") is appointed to carry out such service. Plaintiff Ferguson is notified that a completed USM-285 (Marshals Service Form) is required for each named defendant and that the Service will not attempt to make the service unless until those required forms are received.

Accordingly Ferguson must complete a service form for each defendant and return those forms to the Clerk of Court within 35 days of the date of this order. Failure to return the USM-285 forms by that date may result in dismissal of the case for failure to prosecute. Before attempting personal service the Service is authorized to send a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2014